**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>WALLY CHIN,<br><br>         Debtor.<br><br>JOHN S. PEREIRA, as Chapter 7 Trustee for the Estate of Wally Chin,<br><br>              Plaintiffs,<br>     -against-.<br><br>WALLY CHIN, individually, ELAINE N. CHIN, individually, JAMES G. CHIN, individually, ANGELA CHUN, individually, and CHIN-CHIN RESTAURANT, INC.<br><br>         Defendants. | Chapter 11 Case<br>No. 12-11902 (SMB)<br><br><br><br>Adv. Pro. No. 14-ap-1943 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ELAINE N. CHIN, JAMES G. CHIN and CHIN-CHIN RESTAURANT, INC.'S MOTION
TO DISMISS COMPLAINT**

> **KUDMAN TRACHTEN ALOE LLP**
> *Attorneys for Defendants J Elaine N. Chin, James G. Chin, and Chin-Chin Restaurant, Inc.*
> 350 Fifth Avenue, Suite 4400
> New York, New York 10112
> 212-868-1010

Counsel:

Paul H. Aloe, Esq.
Jeb L. Singer, Esq.

1

# Table of Contents

PRELIMINARY STATEMENT ................................................................................... 3

ALLEGATIONS OF THE COMPLAINT ............................................................... 3

ARGUMENT ................................................................................................................... 4

Point I:    All Claims are Deficient with Respect to the Moving Defendants. ......... 6

Point II:   The Trustee Has Failed to Plead Facts Sufficient to Properly Allege Constructive Fraudulent Transfers and Therefore the First Three Counts of the Complaint Should be Dismissed. ................................................................................. 7

Point III:  The Complaint Fails to Plead Facts with Sufficient Particularity to State a Claim for an Intentional Fraudulent Transfer and Therefore the Fourth Cause of Action Should be Dismissed. ................................................................................. 10

Point IV: The Complaint Does Not Allege that Chin-Chin Restaurant Received Any Shares of Stock Either from the Chun Transfer nor the Restaurant Transfer and Therefore the Complaint Should be Dismissed Against Chin-Chin. ................ 13

Conclusion ..................................................................................................................... 14

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (as made applicable to adversary proceedings by Bankruptcy Rules 7012(b) and 7009), Defendants Elaine N. Chin, James G. Chin and Chin-Chin Restaurant, Inc. ("Moving Defendants") respectfully submit this memorandum in support of their motion to dismiss each of the causes of action asserted against them in the Complaint in this case, dated May 2, 2014. A copy of the Complaint is annexed as Exhibit "A" to the accompanying declaration of Moving Defendants' counsel Jeb L. Singer, dated July 7, 2014 ("Singer Declaration").

The Complaint has four fatal flaws that warrant dismissal of each of the causes of action against the Moving Defendants. First, the Complaint is deficient as to the Moving Defendants. Second, the Complaint fails to allege the time and circumstances of the Chun Transfer (defined below) which is a required element of each of the causes of action. Third, the Complaint fails to particularize allegations of actual fraudulent intent with regards to the Chun Transfer. Fourth, with regards to Defendant Chin-Chin Restaurant, the Complaint does not allege that any assets were ever transferred to this Defendant as either an initial transferee or subsequent transferee and therefore this Defendant should not have been named of the Complaint. These flaws justify dismissal of the Complaint as against the Moving Defendants.

## ALLEGATIONS OF THE COMPLAINT

For purposes of this motion only, the Moving Defendants accept the well-pled factual allegations of the complaint as true. The complaint alleges that the plaintiff, John S. Pereira (the "Trustee") is the duly-appointed trustee of the estate of Wally Chin, who filed a petition under Chapter 7 of the United States Bankruptcy Code ("Code") on May 4, 2012 (Complaint ¶¶ 10, 11). The Complaint further alleges that at some time before April 30, 2010 (the Complaint does not say when), the Debtor owned ten shares (or 10.1%) of defendant Chin-Chin Restaurant, Inc. (the

3

"Restaurant") and transferred those shares to Defendant Angela Chun for either no consideration of inadequate consideration (the "Chun Transfer") (Complaint ¶¶ 12, 14). The Complaint further alleges that, at some unspecified time, those shares had a value of $200,000 (Complaint ¶ 13).[1]

The Moving Defendants are not alleged to be parties to the Chin Transfer. The complaint does not allege when the Chun Transfer took place. Although it is alleged to have taken place before April 30, 2010, the Moving Defendants assert that the actual transfer took place outside the applicable statute of limitations.

The Complaint goes on to allege that by operation of a stock purchase agreement, dated April 30, 2010, Ms. Chun transferred the 10 shares in the Restaurant to James and Elaine Chin for $65,000 (Complaint ¶ 16 and Exhibit A). The Trustee's first, second and third causes of actions seem to assert that the Chun Transfer constituted a constructive fraudulent conveyance under Sections 273, 274 and 275 of New York State Debtor Creditor Law ("NYDCL"). In the Fourth Cause of Action, the Trustee contends that the transfer of the Debtor's direct ownership interest in the Chin-Chin to Chun should each be avoided as an intentional fraudulent transfer under Sections 276 and 276(a) of the NYDCL. The Complaint alleges that defendants Elaine Chin and James Chin are liable as a subsequent transferee under Code § 550.[2]

## ARGUMENT

Each of the claims should be against the Moving Defendants because the Complaint fails to adequate allege that the Chun Transfer was a fraudulent conveyance. Without probably alleging

---

[1] The complaint alleges that this is a core proceeding, but, as it sounds in fraudulent conveyance, that is obviously not the case under the recent Supreme Court decision in *Executive Benefits Insurance Agency v. Arkison*, ____ U.S. _____ (June 9, 2014). Moving Defendants reserve all arguments thereunder.

[2] As will be discussed below, the Defendants do not believe that the Complaint even articulates a theory under which the Defendant Chin-Chin is liable.

4

the initial fraudulent transfer, the Moving Defendants as subsequent transferees cannot be liable pursuant to Bankruptcy Code Section 550.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Iqbal* states that pleadings that, because "they are no more than [legal] conclusions, are not entitled to the assumption of the truth." *Iqbal*, 129 S. Ct. at 1950. Thus, a plaintiff cannot survive a motion to dismiss by merely recitals of the elements of a cause of action supported by conclusory statements. *See id.* at 1949. Courts should give all "well-pleaded factual allegations" an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief. *Id.* at 1950. Plausibility requires more than a "sheer possibility" of wrongdoing—the plaintiff must plead sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may also consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *accord Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Chambers v. Time Warner,*

5

*Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000). "Where a plaintiff's conclusory allegations are clearly contradicted by documentary evidence incorporated into the pleadings by reference, however, the court is not required to accept them." *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp.2d 523, 528 (S.D.N.Y. 2007); *accord Kuhne v. Midland Credit Mgmt.*, Inc., No. 06 Civ. 5888(DC), 2007 WL 2274873, at *1 (S.D.N.Y. Aug. 09, 2007).

The complaint fails to set forth any details of the Chun Transfer, including when it was made and the circumstances under which it was made. Without avoiding the Chun Transfer, the subsequent Restaurant Transfer cannot be attacked. Apart from wholly conclusory allegations, there is simply no basis to conclude that either the first or the second alleged transfer was voidable or that the Moving Defendants are liable thereunder as subsequent transferees.

**Point I:     All Claims are Deficient with Respect to the Moving Defendants.**

At the outset, with respect to the Moving Defendants, the complaint is deficient. As styled, the Complaint seeks to avoid the Chun Transfer, which occurred at some unspecified time in past. The Complaint does not allege that the Moving Defendants were transferees of the Chun Transfer. Rather, the Complaint seeks to recover against James and Elaine Chin as subsequent transferees under Code § 550. Obviously, to reach the Moving Defendants, the trustee would have to allege facts under which liability could be premised under Code § 550. Section 550(a) provides that

> "[e]xcept as otherwise provided in this section, to the extent that a transfer is avoided ..., the trustee may recover, for the benefit of the estate, the property transferred" from either an initial transferee or "any immediate or mediate transferee of such initial transferee."

11 U.S.C. § 550(a). However, section 550(b), "[t]he trustee may not recover" from a subsequent transferee who "takes for value . . . in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. § 550(b)(1).

6

Thus, so long as the initial transfer is avoided, the Trustee may pursue the actual recovery of the transfer from the initial transferee or the entity for whose benefit such transfer was made, or an immediate or mediate transferee. 11 U.S.C. §§ 550(a)(1), (a)(2). *See In re Enron*, 343 B.R. 75, 81 (Bankr. S.D.N.Y. 2006); *Savage & Assocs. P.C. v. BLR Servs. SAS (In re Teligent, Inc.)*, 307 B.R. 744, 749 (Bankr. S.D.N.Y. 2004). This obviously does not eviscerate the requirement that the first transfer must be avoided. *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 743 (Bankr. S.D.N.Y. 2008) ("[Section] 550 plainly limits recovery to the extent that the transfer is actually avoided."). Indeed, it is the Moving Defendants believe that the Chun Transfer took place outside of the applicable statute of limitations. Obviously, if avoidance of the Chun Transfer is time-barred, then the claim against the Moving Defendants fails as well. Plaintiff cannot sidestep this issue by simply refusing to allege when the Chun Transfer took place.

To reach the Moving Defendants, the Complaint must allege both that they were subsequent transferees of a voidable and not good faith transferees. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 12 MISC. 115 JSR, 2014 WL 1651952 (S.D.N.Y. Apr. 27, 2014) (in a complaint against subsequent transferees brought under § 550(a) "a defendant may succeed on a motion to dismiss by showing that the complaint does not plausibly allege that that defendant did not act in good faith."). Here, the Complaint does not properly allege that the Chun Transfer is voidable, nor does it allege that the Moving Defendants acquired the shares through bad faith. Therefore, the Court should dismiss all causes of action against the Moving Defendants.

**Point II:    The Trustee Has Failed to Plead Facts Sufficient to Properly Allege Constructive Fraudulent Transfers and Therefore the First Three Counts of the Complaint Should be Dismissed.**

The first three counts of the Complaint – stating causes of action for constructive fraudulent conveyance – have not been properly plead and should be dismissed. Code § 544(a) clothes the

7

trustee with the mantle of a hypothetical judicial lien creditor, unsatisfied execution creditor, and a bona fide purchase for value as of the date of the filing of the bankruptcy petition.  Code § 544 states that ". . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."  In other words, "there must, then, be at least one current creditor of the estate who was also a creditor at the time of the challenged transfer in order for a trustee to exercise his avoidance powers under this section." *In re Teleservices Grp., Inc.*, 469 B.R. 713, 761 (Bankr. W.D. Mich. 2012).  While the Code law affords the trustee "strong arm" powers, his exercise of those powers is controlled by the substantive law of the jurisdiction governing the property in question; here, the law of New York.  *See e.g.*, *In re Euro-Swiss International Corp.*, 33 B.R. 872, 11 B.C.D. 113, 116 (Bankr. S.D.N.Y.1983); *In re Roman Crest Fruit, Inc.*, 35 B.R. 939, 946-47 (Bankr. S.D.N.Y. 1983).

The Claims in the first three causes of action are brought under Sections 273, 274 and 275 of the NYDCL respectively.  Those statutes read as follows.

- **Section 273 -- Conveyances by insolvent:** Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.
- **Section 274 -- Conveyances by persons in business:** Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.
- **Section 275 -- Conveyances by persons in business**: Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

8

In order to properly allege a constructive fraudulent transfer under Sections 273 and 274 of the NYDCL, the Trustee thus must allege that there existed an actual unsecured creditor at the time of the transfer whose shoes the Trustee may step into so as to avoid the transfer under applicable state law. *In re O.P.M. Leasing Servs., Inc.*, 40 B.R. 380, 393 (Bankr. S.D.N.Y. 1984) *aff'd*, 44 B.R. 1023 (S.D.N.Y. 1984). It is well established that a trustee must provide "sufficient notice to the defendants of at least one category of creditors that have standing to avoid an actual fraudulent transfer under non-bankruptcy law, the trustee has standing to assert that actual fraudulent transfer claim under section 544(b) of the Code." *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 109 (Bankr. S.D.N.Y. 2011) (<u>citing</u> *Global Crossing Estate Rep. v. Winnick*, No. 04–CIV–2558, 2006 WL 2212776, at *11 (S.D.N.Y. Aug. 3, 2006)).

The Trustee's first two claims, under NYDCL 273 and 274, must be dismissed because the Trustee has failed to plead sufficient facts to state a claim that the Chun Transfer is avoidable under these sections. The Complaint does not allege when the Chun Transfer took place nor does it identity with any level of specificity, a category of creditors that existed at the time of the Chun Transfer thus the Complaint has failed to allege a necessary element of a cause of action under Section 273 of the NYDCL.[3] Similarly, the Complaint does not allege that any person became a creditor during the continuance of the Chun Transfer and therefore the Complaint has not properly plead a cause of action under Section 274 of the NYDCL.

The Second Claim, brought under NYDCL § 274, is equally deficient. Paragraph 27 of the Complaint alleges of that at some unspecified time, "the Debtor was engaged or about to become engaged in another Chinese restaurant business for which the capital remaining in his hands after

---

[3] The Moving Defendants reserve the right to present documentary evidence that the Chun Transfer occurred prior to December 31, 2005 and therefore was outside of the statute of limitations period governing fraudulent transfers under New York law.

the Chun Transfer and the Restaurant Transfer would be an unreasonably small amount of capital." However, the Complaint does not explain how the debtor was about to engage in a business with unreasonably small capital. The test of unreasonably small capital is an objective measure, tested by an objective standard "anchored in projections of cash flow, sales, profit margins, and net profits and losses, including difficulties that are likely to arise." *In re Bergman*, 293 BR 580, 584 (Bankr W.D.N.Y. 2003) (dismissing claim under NYDCL § 274). Other than saying that the other restaurant failed, there are no facts from which it could be plausibly concluded that the failure stemmed from the Restaurant Transfer.

The Third Claim, brought under NYDCL § 275, is equally deficient. As this Court has held "Section 275 requires proof of the debtor's subjective intent or belief that it will incur debts beyond its ability to pay as they mature." *In re Nirvana Rest. Inc.*, 337 BR 495, 509 (Bankr SDNY 2006). This Claim contains the same conclusory allegation that at some unspecified time, "the Debtor incurred, was intended to incur, or believe he would incur debts in connection with his other Chinese restaurant business beyond his ability to pay as they matured." Amazingly, this allegation is premised on the notion that the Debtor opened a restaurant intended it to fail by incurring debts beyond the Debtor's ability to pay them. This does not pass the test of plausibility.

**Point III:    The Complaint Fails to Plead Facts with Sufficient Particularity to State a Claim for an Intentional Fraudulent Transfer and Therefore the Fourth Cause of Action Should be Dismissed.**

The allegations of an intentional fraudulent conveyance must be dismissed because the cause of action is not plead with particularity. Causes of action for intentional fraudulent conveyance in bankruptcy are governed by Rule 9(b) of the Federal Rules of Civil Procedure (made applicable hereto by Rule 7009 of the Federal Rules of Bankruptcy Procedure). *See Sharp Int'l Corp. v. State Street Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 55 (2d Cir.

2005); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. at 733; *In re MarketXT Holdings Corp.*, 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007); *In re Actrade Fin. Techs. Ltd.*, 337 B.R. at 801. Rule 9(b) of the Federal Rules provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As such, under Rule 9(b) fraud must be pleaded with particularity. *See In re M. Fabrikant & Sons, Inc*., 394 B.R. at 733. The particularity requirement for averments of fraud serves three functions: (1) enabling a defendant to identify the allegedly fraudulent behavior in order to mount a defense with regard to those actions; (2) protecting the defendant by prohibiting a complainant from making character-damaging allegations that have no basis in provable fact; and (3) reducing the number of strike suits. *See Sullivan v. Kodsi,* 373 F.Supp.2d 302, 306 (S.D.N.Y. 2005) (*citing Di Vittorio*, 822 F.2d 1242, 1247 (2d Cir. 1987).

To state an actual fraudulent transfer claim with Rule 9(b) particularity, a party must ordinarily allege: (i) the property that was conveyed; (ii) the timing and, if applicable, frequency of the transfer; and (iii) the consideration (if any) paid for the transfer. *In re Arbco Capital Mgmt., LLP*, 498 B.R. 32, 40 (Bankr. S.D.N.Y. 2013). While bankruptcy trustees are entitled to some level of leniency when bringing intentional fraudulent transfer actions on behalf of third-party debtors, a complaint completely lacking in specific facts does not satisfy the relaxed standard the pleading requirement. *Chester*, 813 F.2d 566 569 (2d Cir. 1987); *In re Ahead by a Length, Inc.*, 100 B.R. 157, 167 (Bankr. S.D.N.Y. 1989) (stating that the particularity requirement is not eliminated and that even under the relaxed standard, "each defendant is entitled to be apprised of the nature of his alleged participation in the fraud");

As mentioned above the Complaint does not allege the timing of the Chun Transfer. Paragraphs 12 and 14 contend that "at some point prior to April 30, 2010" Debtor owned a 10.1%

11

ownership interest in the Restaurant and transferred the same to Chun for little or no consideration. To survive a motion to dismiss, a plaintiff must "meet the basic pleading burden with respect to the statute of limitations." *In re Direxion Shares ETF Trust*, 279 F.R.D. 221, 231 (S.D.N.Y. 2012). New York's six-year statute of limitations for fraud in Section 213(8) of the C.P.L.R. is applicable to claims for intentional fraudulent conveyance under New York State law. *See* NY CPLR 213(8). By alleging that the Chun Transfer happened between the beginning of time and April 30, 2010, the Trustee does not specifically allege that the transfer occurred within the statute applicable New York Statute of Limitations for a trustee to bring an intentional fraudulent transfer claim. Simply put, the allegations in Paragraphs 12 and 14 are too vague to satisfy the heightened pleading standard for intentional fraudulent transfers. *See, e.g.*, *Thaler v. Adler (In re Adler),* 372 B.R. 572, 581 (Bankr. E.D.N.Y. 2007) (dismissing intentional fraudulent transfer claim that did not "allege any specifics as to the amounts or dates" of cash deposits made by a debtor husband into his wife's bank account).

Additionally, the Trustee has insufficiently alleged actual *intent* to defraud present or future creditors. In a cause of action for an intentional fraudulent transfer, the fraudulent conduct must be plead the claim with particularity. *Sharp Int'l*, 403 F.3d at 56; *Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240, 251 (2d Cir. 1987); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 428 (Bankr. S.D.N.Y. 1998). The Complaint must "allege facts that give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). The "strong inference" requirement is appropriate to ward off allegations of "fraud by hindsight." *Id.* at 1129 (*quoting Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) (Friendly, J.)). Such an inference may be made "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that

12

constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 1128; *accord ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Neither are included herein.

The Complaint does not include allegations of fraudulent intent sufficient to survive a motion to dismiss. While paragraph 15 of the Complaint states that either no or inadequate consideration was paid on the Chun Transfer, this alone does not create a strong inference of fraudulent intent wherein the Trustee does not allege what consideration was paid nor what reasonable consideration would have been nor any other facts and circumstances concerning this transfer.[4] Nor does the Complaint allege any other badge of frauds. In fact, there is nothing to suggest that the Chun Transfer was nefarious and intended to defraud creditors (either existing or future).

**Point IV:  The Complaint Does Not Allege that Chin-Chin Restaurant Received Any Shares of Stock Either from the Chun Transfer nor the Restaurant Transfer and Therefore the Complaint Should be Dismissed Against Chin-Chin.**

The Complaint lists Chin-Chin as a Defendant even though it does not make any allegations that Chin-Chin was either an immediate or mediate transferee. "A fraudulent conveyance claim seeking to recover money damages can only be maintained against a person who participates in the fraudulent transfer as either the transferee of the assets or the beneficiary of the conveyance." *Amusement Indus., Inc. v. Midland Ave. Associates, LLC*, 820 F. Supp. 2d 510, 527 (S.D.N.Y. 2011) (*citing Fundacion Presidente Allende v. Banco de Chile,* 2006 WL 2796793, at *3 (S.D.N.Y.

---

[4] Paragraph 13 of the Complaint asserts that the Interests were in excess of Two Hundred Thousand Dollars, but there is no assertion of when it was worth that much nor, of course, that they were worth that much at the time of the challenged transfer.

13

May 29, 2006); accord *Stochastic Decisions, Inc. v. DiDomenico,* 995 F.2d 1158, 1172 (2d Cir.), *cert. denied,* 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 334 (1993)).

Here, Paragraph 7 of the Complaint essentially admits that the Trustee is not seeking any relief from Chin-Chin at this time because Chin-Chin is neither the beneficiary nor the transferee of the conveyance. That paragraph states "[t]he Restaurant is made a party to this Adversary Proceeding to put it on notice of the fraudulent conveyances that are alleged herein and to obtain any ancilliary relief that the Trustee may require to avoid those fraudulent conveyances." Given this admission, the Complaint should be dismissed as against Chin-Chin.

## Conclusion

For the reasons stated herein, the Moving Defendants request that the Court dismiss Counts 1 through 4 of this Complaint against them for failure to state a claim under which relief can be granted.

Dated: New York, New York
July 8, 2014

**KUDMAN TRACHTEN ALOE LLP**,
*Attorneys for Defendants J Elaine N. Chin, James G. Chin, and Chin-Chin Restaurant, Inc.*

By: /s/ Jeb L. Singer
    Paul H. Aloe, Esq.
    Jeb L. Singer, Esq.
350 Fifth Avenue
Suite 4400
New York, New York 10118
Telephone: 212-868-1010
Fax: 212-868-0013