Hearing Date and Time: January 28, 2016 at 10:00 a.m.
                Objection Deadline:   January 21, 2016 at 5:00 p.m.

**Jil Mazer-Marino, Esq., Chapter 11 Trustee**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**PO Box 9194**
**Garden City, New York 11530**
**T: (516) 741-6565**
**Email: jmazermarino@msek.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re

**SOFIA 42 RESTAURANT CORP.**     Chapter 11
**d/b/a SOFIA ITALIAN GRILL**      Case No. 15-11587 (SMB)

    **Debtor.**
------------------------------------------------------x

**MOTION OF THE CHAPTER 11 TRUSTEE FOR AN ORDER CONVERTING**
**DEBTOR'S CHAPTER 11 CASE TO CASE UNDER CHAPTER 7**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

    Jil Mazer-Marino, the Chapter 11 Trustee (the "Trustee") of Sofia 42 Restaurant Corp. (the "Debtor"), by her proposed counsel, Meyer, Suozzi, English & Klein, P.C., submits this motion (the "Motion") seeking entry of an order pursuant to 11 U.S.C. §§ 105(a), 721 and 1112(b), converting the Debtor's Chapter 11 case to a case under Chapter 7 and respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

    1.   Cause exists to convert the Debtor's case because the Debtor operates at a loss and there does not appear to be a reasonable likelihood of rehabilitation. The Debtor owes substantial amounts in unpaid payroll tax. The Trustee is informed by the Debtor's accountant

that post-petition payroll and withholding tax liabilities exceed $100,000. It also appears the Debtor has not paid sales tax for the post-petition period; however, the Trustee does not know the amount of that liability. The Debtor also owes substantial amounts to ConEd (the Debtor is in receipt of a termination notice) and to vendors and employees that provided goods and services post-petition. Notwithstanding the Debtor's failure to pay administrative expenses, the Debtor does not have substantial cash reserves and was unable to pay December rent. Based on the foregoing, the Trustee does not believe that the Debtor can operate profitably or even on a "break even" basis or that the Debtor has a realistic chance of reorganizing and, therefore, there is cause to convert this case.

2. The Trustee submits that conversion rather than dismissal is warranted. There are substantial irregularities in the Debtor's operations and an investigation by a Chapter 7 trustee could benefit the Debtor's estate and creditors.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding under 28 U.S.C. § 157(a). Venue of this Motion is proper pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 1112(b) and Federal Rule of Bankruptcy Procedure 2002.

## FACTS

**A. The Debtor's Bankruptcy Case**

1. The Debtor operated an Italian restaurant from leased premises located at 42 West 48th Street, New York, New York.

2. On June 18, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

3. The Debtor's exclusive period to file a plan of reorganization expired on October 16, 2015. The Debtor has not filed a plan of reorganization or disclosure statement.

4. On November 30, 2015, an Order was entered [Dkt No. 52] directing: (a) the Office of the United States Trustee to appoint a Chapter 11 Trustee; (b) the Debtor to pay $42,275.00 to Elo Realty (the Debtor's landlord) by December 4, 2015; and, (c) the Debtor to pay $56,275.00 (the "December Rent Payment") to Elo Realty by December 15, 2015. The Order fixed December 18, 2015 as the last date for the Debtor to assume or reject its lease for nonresidential real property.

5. On December 7, 2015, the Office of the United States Trustee filed an application seeking the appointment of Jil Mazer-Marino as Chapter 11 Trustee.

6. On December 8, 2015, an order was entered approving the appointment of the Trustee.

**B. The Trustee's Investigation to Date**

7. On December 9, 2015, the Trustee together with her proposed custodian spent several hours at the Debtor's place of business. The Trustee inspected the Debtor's premises, including many of its books and records, inventoried the Debtor's wine and liquor, interviewed the Debtor's principal and office assistant, and conferred with Debtor's counsel.

8. On December 10, 2015, the Trustee spent several hours at the Debtor's restaurant attempting to obtain information regarding the Debtor's operations and liabilities. The Trustee also had a lengthy telephone conference with potential investors, discussed the structure

3

of a proposed sale of the Debtor's assets to such investors, and scheduled a follow up meeting for Monday, December 14, 2015. Those discussions were promising in that the potential investors appeared to have extensive experience in opening and successfully operating restaurants, including restaurants in New York City, and represented that they had a substantial amount of cash to fund a purchase of the Debtor's assets. The Trustee also conferred with counsel for Elo Realty, the Debtor's landlord, informed him of the potential for a proposed sale and scheduled a meeting with Elo Realty for December 11, 2015.

9.  On December 11, 2015, the Trustee met with the Debtor's accountant and Mr. Sofia, the Debtor's principal, and spent several hours at the Debtor's restaurant. In addition, the Trustee met face to face with the Debtor's landlord and his counsel. The landlord informed the Trustee that the landlord would not meet with the potential purchasers.

10. The Trustee makes the following observations based on her visits to the Debtor's premises and her interviews with the Debtor's principal, employees, accountant and counsel:

- The Debtor has not paid post-petition payroll taxes. At the December 11, 2015 meeting, the Debtor's accountant confirmed that payroll tax returns had been filed but that the Debtor's principal would not authorize the payment of payroll taxes and that those liabilities likely exceed $100,000.

- The Debtor has not paid post-petition payroll in full. Several employees informed the Trustee that they were owed back wages. In that connection, several employees informed the Trustee that Mr. Sofia induced them to continue working by paying them with personal checks, however, the personal checks bounced. Also, it does not appear that the Debtor paid hourly employees for overtime. In addition, employees are paid in cash and are not provided with paystubs.

- The Debtor has not paid post-petition sales tax. Mr. Sofia provided the Trustee with charts showing each day's receipts and the amount that was to be reserved to pay sales tax on such receipts. The Trustee noted to Mr. Sofia that it did not appear that enough was being reserved for sales tax. In any event, it does not appear that the Debtor paid any post-petition sales tax regardless of what was recorded on the Debtor's charts.

4

- The Debtor has not paid vendors. It appears that the Debtor owes amounts to several of its vendors, including those vendors that provided non-perishable food items, meat, fish and linens. Further, the Debtor received a notice from ConEd that threatened to terminate service due to nonpayment.

- The Debtor's books and records are unreliable. The Debtor keeps certain information in Excel and other information in handwritten ledgers. The Trustee was informed by the Debtor's office assistant that the Debtor used QuickBooks at one point but stopped using that system after the commencement of the Chapter 11 case. As a result, the Trustee cannot determine with any degree of certainty the Debtor's financial condition. Moreover, the Debtor was unable to provide the Trustee with basic information such as proof of payment of insurance or a list of accounts payable.

- Cash withdrawals. A review of the Debtor's bank statements show that cash was routinely withdrawn from the Debtor's DIP bank account via an ATM.

11.     The Trustee determined, in consultation with her proposed accountant, and based on her assessment of the Debtor's cash, anticipated receipts and short term liabilities, that the Debtor would not have cash sufficient to pay payroll, payroll tax liabilities, sales tax, and to make the December Rent Payment. Moreover, based on the modest amounts on deposit in the Debtor's accounts and the substantial amount of unpaid administrative expenses, it appeared that that the Debtor had operated at a loss throughout the post-petition period and did not generate enough cash (even during the busy holiday season) to cover operating expenses.

12.     The Trustee caused the Debtor to cease operations on December 12, 2015, surrendered the leased premises to the landlord, and contemporaneously herewith has filed a notice of abandonment, abandoning the Debtor's assets located at the leased premises. Prior to closing the Debtor's restaurant, the Trustee carefully considered that the potential investors appeared to be genuinely interested in purchasing the Debtor's assets in a 363 sale, which could have provided funds for a plan of reorganization. However, the Trustee believed that outcome was remote considering that the Debtor did not have sufficient cash to make the December Rent

5

Payment, the deadline to assume the lease was December 18, 2015, and the landlord would not agree to meet with the investors much less consent to an extension of that deadline or defer payment of rent. Further, the Trustee had no assurance that a sale would generate proceeds sufficient to pay the substantial cure amounts under the lease and all secured claims or that operating proceeds would be sufficient to fund ongoing operations.

### REQUEST FOR RELIEF

13. By this Motion, the Trustee is requesting an order converting this case to a case under Chapter 7 of the Bankruptcy Code.

### BASIS FOR RELIEF

14. Section 112(b)(1) provides:

(b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

\* \* \*

(4) For purposes of this subsection, the term "cause" includes –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

15. The Trustee believes there is cause to convert this case to a Chapter 7 case because the Debtor is operating at a loss. Cash is apparently insufficient to pay rent, payroll, payroll taxes and sales tax, in addition to paying vendors and employees. It appears that the Debtor financed its operations by using trust fund taxes (such as sales and withholding taxes) to fund operations. Notwithstanding the Debtor's use of trust fund taxes to fund operations, cash flow was still insufficient to fund expenses.

6

16. There is evidence of gross mismanagement of the estate, which is also cause to convert this case. In that regard, the Debtor's books and records are deficient. The Debtor does not maintain financial records typically maintained by restaurants of that size, such as a liquor inventory, balance sheet, accounts payable ledger, and payroll records. Although the Debtor has filed monthly operating reports, the reports are incomplete. Other evidence of gross mismanagement includes the Debtor's failure to remit trust fund taxes.

## NOTICE

17. Notice of this motion has been given to counsel for the Debtor, all parties that filed a notice of appearance, all parties in interest, and the Office of the United States Trustee.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, the Trustee respectfully requests this Court enter the Order annexed hereto as Exhibit "A" converting this case to Chapter 7 and granting such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
December 29, 2015

/s/ Jil Mazer-Marino
Jil Mazer-Marino, Chapter 11 Trustee
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530
T: (516) 741- 6565
Email: jmazermarino@msek.com

**1094243**